UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYEISHA M. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA SUPREME COURT,<br><br>    Defendant. | Case No. 23-cv-02253-AMO<br><br>**SECOND SCREENING ORDER UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 21 |

Plaintiff Myeisha M. Edwards is proceeding in this case in forma pauperis (IFP). ECF 9. The Court previously screened her First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and ordered Edwards to file an amended complaint that addressed certain deficiencies identified by the Court as to the basis for its subject matter jurisdiction. *Id.* Edwards has since sought appellate review of the Court's order (ECF 10), which was dismissed (ECF 12). Edwards then filed the Second Amended Complaint ("SAC"). ECF 21.

The Court remains under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Edwards proceeds in forma pauperis, the Court must screen the pleadings to determine whether dismissal is appropriate prior to issuance of summons. *See* 28 U.S.C. § 1915(a). Having considered Edwards's SAC and the applicable legal authority, the Court finds that it must **DISMISS** the case.

I.     **LEGAL STANDARD**

In screening an IFP complaint under Section 1915(e)(2)(B), courts assess whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,

325 (1989). Courts can dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Ordinarily the Court must give an IFP plaintiff leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin*, 745 F.2d at 1235, n.9.

In addition, under Article III of the U.S. Constitution, federal district courts have "limited jurisdiction" – meaning they can only hear specific types of cases. If the court can hear a case, it is said to have "subject matter jurisdiction." In most cases, federal subject matter jurisdiction is premised on: (1) diversity jurisdiction or (2) federal question jurisdiction. Federal courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (defining federal question jurisdiction). A claim "arises under" federal law and triggers federal question jurisdiction if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (2009) (noting that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"). This Court has an independent duty to consider its own subject matter jurisdiction and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3).

## II.   DISCUSSION

In its first screening order, the Court instructed Edwards both (1) to state a claim for relief and (2) to state a federal question in support of this Court's subject matter jurisdiction. On December 7, 2023, she submitted her SAC. Therein, she has done neither – Edwards's complaint is incomprehensible and fails to set forth facts showing that she is entitled to relief or that the Court has jurisdiction. *See Phelps v. Alameda Hous. Auth.*, No. 23-CV-04235-TSH, 2023 WL 7094570, at *3 (N.D. Cal. Oct. 5, 2023), report and recommendation adopted, No. 23-CV-04235-SI, 2023 WL 7093682 (N.D. Cal. Oct. 25, 2023); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*,

1  *Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted) (complaints are subject to dismissal if
2  they are "highly repetitious, confusing, or consist[] of incomprehensible rambling").

3        In response to the Court's instruction to provide federal law supporting its jurisdiction,
4  Edwards cites to the entirety of the Federal Rules of Civil Procedure, the entirety of the Rules of
5  the United States Supreme Court, and to the Article of the United States Constitution that
6  establishes the Supreme Court. *See* ECF 21 at 1. These rules governing procedure and
7  constitutional authority do not give rise to a private cause of action or a federal question.

8        Moreover, Edwards's SAC does not state any facts. Edwards instead attaches copies of
9  letters by the Clerk of Court for the California Court of Appeal, First Appellate District, stating
10 that the court's decision had become final. *See* ECF 21 at 2-5 (copies of "REMITTITUR" in
11 *Edwards v. International Game Technology et al.*, A162856). Edwards also includes a single page
12 of a "Petition Writ Certiorari Legal Question" dated December 5, 2021. *Id.* at 6. Edwards then
13 lists "Powerball Wagers" from October and November 2018 and fails to provide any factual
14 context for the numbers provided. *Id.* at 7-8. Edwards's SAC is totally incomprehensible and is
15 thus frivolous. *See Neitzke*, 490 U.S. at 327-28.

### III. CONCLUSION

Because this action is frivolous, the complaint does not state a claim for relief, and the deficiencies of the complaint could not be cured by amendment, the action is **DISMISSED**. *See, e.g.*, *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1369-70 (9th Cir. 1987). The Court advises Edwards that she may appeal this matter to the Court of Appeals for the Ninth Circuit within thirty days of the entry of judgment, which will also be entered separately today. Fed. R. App. P. 4(a)(1)(A).

**IT IS SO ORDERED.**

Dated: April 4, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**