UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYEISHA M. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA SUPREME COURT,<br><br>    Defendant. | Case No. 23-cv-02253-AMO<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>Re: Dkt. No. 35 |

Before the Court is the Ninth Circuit's referral to the undersigned "for the limited purpose of determining whether in forma pauperis status should continue" for Myeisha M. Edwards's appeal or "whether the appeal is frivolous or taken in bad faith." ECF 35. Having considered the relevant law and the record in this Court, the undersigned hereby CERTIFIES that the appeal will not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3), and therefore REVOKES Edwards's in forma pauperis status on appeal.

A litigant who was previously permitted to proceed in forma pauperis may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)) (internal quotation marks omitted); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole."). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As used in Section 1915,

the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* "'Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant . . . the request of an indigent for leave to appeal in forma pauperis must be allowed.'" *Gardner*, 558 F.2d at 551 (quoting *Ellis v. United States*, 356 U.S. 674, 675 (1958)).

A claim that is totally incomprehensible is frivolous. *See Neitzke*, 490 U.S. at 327-28. Edwards's complaint is incomprehensible and fails to set forth facts showing that the Court has jurisdiction or that he is entitled to relief. *See Phelps v. Alameda Hous. Auth.*, No. 23-CV-04235-TSH, 2023 WL 7094570, at *3 (N.D. Cal. Oct. 5, 2023), *report and recommendation adopted*, No. 23-CV-04235-SI, 2023 WL 7093682 (N.D. Cal. Oct. 25, 2023); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted) (complaints are subject to dismissal if they are "highly repetitious, confusing, or consist[] of incomprehensible rambling").

Edwards's appeal of the Court's order dismissing her claims for lack of subject matter jurisdiction and failure to state a claim is frivolous. The Court instructed Edwards that she failed to state a claim or allege facts from which the Court could infer federal question or diversity jurisdiction. ECF 9. Despite the opportunity to do so, Edwards failed to cure such deficiencies. *See* Second Amended Complaint (ECF 21). Rather, Edwards failed to provide any facts in support of her lawsuit and filed nonsensical and procedurally inappropriate papers. *See id.*; *see also* Notice of Mandate Wage Garnishment Enforcement (ECF 24); Notice of Intent to Wager Criminals (ECF 26). Edwards failed to state a claim and failed to state a basis for the Court's jurisdiction.

Based on the above, the Court CERTIFIES that Edwards's appeal is not taken in good faith and REVOKES Edwards's in forma pauperis status on appeal.

//
//
//
//

1   The Clerk shall immediately notify the parties and the Court of Appeals of this Order. *See*
2   Fed. R. App. 24(a)(4).

**IT IS SO ORDERED.**

Dated: May 6, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**